**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Craten, et al.,<br>Plaintiffs,<br>v.<br>Foster Poultry Farms Incorporated,<br>Defendant. | No. CV-15-02587-PHX-DLR<br>**ORDER** |

Before the Court is Plaintiffs James and Amanda Craten's Motion to Strike Affirmative Defenses One, Seven and Eight. (Doc. 30.) The motion is fully briefed.[1] For the following reasons, the motion is granted in part and denied in part.

**BACKGROUND**

In December 2015, the Cratens filed this lawsuit against Defendant Foster Poultry Farms Incorporated (Foster) alleging that their minor child, N.C., became severely ill and suffered serious injuries as a result of salmonella poisoning traceable to Foster's chicken. (Doc. 7.) The Cratens bring strict liability, breach of implied warranty, and negligence claims. (*Id.*) In March 2016, Foster answered the complaint and pled eight affirmative defenses. (Doc. 26.) The Cratens have moved to strike Foster's first, seventh, and eighth affirmative defenses pursuant to Federal Rule of Civil Procedure 12(b)(f). (Doc. 30.)

[1] The Cratens' request for oral argument is denied because the motion is fully briefed and oral argument will not aid in the Court's resolution of the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

## LEGAL STANDARD

On its own or upon timely motion by a party, Rule 12(f) authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike generally are disfavored, *Ordahl v. U.S.*, 646 F. Supp. 4, 6 (D. Mont. 1985), and

> should be granted only where (1) it appears to a certainty that the plaintiff will succeed regardless of what facts could be proved in support of the defense; (2) the affirmative defense sought to be struck does not present disputed and substantial questions of law that could be resolved in such a way as to support the defense; and (3) the plaintiff shows it will be prejudiced by the inclusion of the affirmative defense.

*Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 80 (N.D.N.Y. 2000).

## DISCUSSION

The Cratens argue that the pleading standards for complaints announced in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply equally to affirmative defenses. (Doc. 30 at 5-6.) They contend that Foster's first, seventh, and eighth affirmative defenses are not supported by sufficient factual allegations and, therefore, are not facially plausible. (Doc. 30 at 6); *see Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 679. Alternatively, the Cratens argue that these affirmative defenses, as alleged, are too vague to impart fair notice. (Doc. 34 at 4.)

### I. Applicability of *Twombly* and *Iqbal*

In *Twombly*, the Supreme Court considered "what a plaintiff must plead in order to state a claim" under Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 544-555. The Supreme Court concluded that a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In *Iqbal*, the Supreme Court explained, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Notably, neither case refers to Rule 8(c), which governs pleading affirmative defenses.

Since then, federal courts have split over whether *Twombly* and *Iqbal* extend to affirmative defenses. *Compare Hayden v. United States*, No. 3:14-CV-1060-AC, 2015 WL 350665, at *4 (D. Or. Jan. 26, 2015) (concluding that *Twombly* and *Iqbal* apply to affirmative defenses), *Palmer v. Oakland Farms, Inc.*, No. 5:10CV00029, 2010 WL 2605179, at *5 (W.D. Va. June 24, 2010) ("[T]he considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal* strongly suggest that the same heightened pleading standard should also apply to affirmative defenses."), *and HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) (concluding that "[t]he underlying rationale used by the Supreme Court [is] a justification for extending the holdings of *Twombly* and *Iqbal* to affirmative defenses"), *with Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) (concluding that *Twombly* and *Iqbal* do not apply to affirmative defenses "[i]n light of the differences between Rules 8(a) and 8(c) in text and purpose"), *Lane v. Page*, 272 F.R.D. 581, 591 (D.N.M. 2011) ("Neither the text of the rules nor the Supreme Court's decisions in [*Twombly* and *Iqbal*] require the Court to extend the pleading standard from those cases to affirmative defenses."), *and Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) ("*Iqbal* and *Twombly* do not apply to the pleading of affirmative defenses."). The Ninth Circuit has not addressed the issue, and district courts throughout the Ninth Circuit have resolved it differently. *Compare Vogel v. Huntington Oaks Del. Partners*, LLC, 291 F.R.D. 438, 440-42 (C.D. Cal. 2013) (applying *Twombly* and *Iqbal* to affirmative defenses), *and Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (same), *with Rockwell Automation, Inc. v. Beckhoff Automation*, LLC, 23 F. Supp. 3d 1236, 1241-42 (D. Nev. 2014) (declining to extend *Twombly* and *Iqbal*), *and Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468-69 (S.D. Cal. 2013) (same). Having considered

the parties' arguments and surveyed the cases discussing the issue, the Court finds that the text of Rule 8(c)(1) and fairness considerations compel the conclusion that *Twombly* and *Iqbal* do not govern pleading affirmative defenses.

The Court begins with the plain language of the Rule. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). Unlike Rule 8(a)(2), which requires a complaint to contain "a short and plain statement . . . showing that the pleader is entitled to relief," Rule 8(c)(1) requires only that a party "affirmatively state any avoidance or affirmative defense[.]" The Court generally assumes that identical words in different parts of a provision share the same meaning, and that different meanings are intended when certain language is used in one part but different language in another. *DePierre v. Untied States*, 564 U.S. 70, 83 (2011); *Atl. Cleaners & Dryers v. United States*, 286 U.S. 427, 433 (1932). For example, Rule 8(b)(1), which governs defenses, admissions, and denials in responsive pleadings, requires a responding party to "state in short and plain terms its defenses to each claim asserted against it." Because of its linguistic similarity with Rule 8(a)(1), many courts have determined that "Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint." *Barnes*, 718 F. Supp. 2d at 1172; *see also HCRI TRS Acquirer, LLC*, 708 F. Supp. 2d at 691 n.3; *Vogel*, 291 F.R.D. at 441.

However, "[u]nlike subsections (a) and (b), subsection (c) does not include any language requiring the party to state anything in 'short and plain' terms." *McLemore v. Regions Bank*, No. 3:08-CV-0021, 2010 WL 1010092, at *12 (M.D. Tenn. Mar. 18, 2010), *aff'd*, 682 F.3d 414 (6th Cir. 2012). "Requiring an affirmative defense to contain a 'short and plain' statement would ignore Rule 8(c)'s plain language[.]" *F.T.C. v. AMG Servs., Inc.*, No. 2:12-CV-536-GMN-VCF, 2014 WL 5454170, at *6 (D. Nev. Oct. 27, 2014). Furthermore, the Court must read provisions in such a way as to give effect, whenever possible, to every clause and word so that no portion is superfluous. *Duncan v. Walker*, 533 U.S. 167, 174 (2001). If the Court interpreted the words "affirmatively state" in Rule 8(c) to have the same meaning as the words "contain . . . a short and plain

statement . . . showing that the pleader is entitled to relief," in Rule 8(a)(2), it would render much of Rule 8(a)(2) superfluous.

Fairness considerations also support the Court's interpretation. Plaintiffs and defendants are not similarly situated at the pleading stage. For example, plaintiffs have the entire statute of limitations period to investigate their claims, thereby enabling them to allege specific facts in their complaints. Once served, however, defendants typically have only 21 days in which to file responsive pleadings. Fed. R. Civ. P. 12(a). Requiring defendants to allege affirmative defenses with the same level of factual specificity as plaintiffs allege claims would require a similar pre-suit investigation in a much shorter window of time. Such a result would impose an unreasonable and asymmetric burden, and increase the risk that defendants will waive potentially meritorious affirmative defenses. *See Tyco Fire Prods.*, 777 F. Supp. 2d at 901 ("[A]pplying the concept of notice to require more than awareness of the issue's existence imposes an unreasonable burden on defendants who risk the prospect of waiving a defense at trial by failing to plead it . . . and have a short amount of time to develop the facts necessary to do so[.]"); *see also* Fed. R. Civ. P. 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.").

Moreover, requiring affirmative defenses to satisfy *Twombly* and *Iqbal*'s plausibility standard likely would lead to a proliferation of motions to strike. It is unlikely that the Supreme Court intended *Twombly* and *Iqbal* to open the floodgates to motions to strike, particularly in light of the disfavor with which such motions are viewed. *See Tyco Fire*, 777 F. Supp. 2d at 901 ("[R]equiring greater notice conflicts with the longstanding truism that motions to strike are disfavored.").

Finally, although federal courts within the Ninth Circuit and around the country have resolved this question differently, courts within this District have consistently found that *Twombly* and *Iqbal* do not apply to affirmative defenses. *See, e.g.*, *Verco Decking, Inc. v. Consol. Sys., Inc.*, No. CV-11-2516-PHX-GMS, 2013 WL 6844106, at *5 (D. Ariz. Dec. 23, 2013); *J & J Sports Prods., Inc. v. Vargas*, No. CV 11-2229-PHX-JAT,

2012 WL 2919681, at *2 n.1 (D. Ariz. July 17, 2012); *Ameristar Fence Prods., Inc. v. Phx. Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010). Accordingly, the Court joins others in this District and concludes that *Twombly* and *Iqbal* do not govern affirmative defenses. Rather, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).

**II. Fair Notice**

In its first affirmative defense, Foster alleges that the Cratens' complaint "fails to set forth facts sufficient to constitute a cause of action . . . ." (Doc. 26 at 13.) "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zikovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). *See also Barnes*, 718 F. Supp. 2d at 1174 (finding failure to state a claim identifies a pleading deficiency and is not an affirmative defense). The Federal Rules provide Foster with a mechanism for challenging the sufficiency of the Cratens' complaint: a motion to dismiss under Rule 12(b)(6).[2] Foster's first affirmative defense is stricken because it is not a proper affirmative defense.

In its seventh affirmative defense, Foster alleges that the Cratens are barred from recovery because they "have not properly maintained evidence and are guilty of spoliation because they have lost, destroyed, covered over, misplaced, altered, modified, failed to preserve and hindered defendants' access to relevant and material evidence." (Doc. 26 at 14.) The Court finds that this affirmative defense is sufficiently clear to put the Cratens' on fair notice. Moreover, if the evidence alleged to have been spoliated was not clear to the Cratens after reading Foster's answer, it is clear now in light of Foster's

---

[2] Foster argues that its first affirmative defense is appropriate because it tracks language from Form 30 of the Federal Rules. (Doc. 32 at 8-9); Fed. R. Civ. P. Form 30 (abrogated Dec. 1, 2015). However, "[d]espite its inclusion in Civil Form 30, failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense." *Barnes*, 718 F. Supp. 2d at 1174. Moreover, the Appendix of Forms was abrogated effective December 1, 2015.

response brief. (Doc. 32 at 9.) Foster has adequately preserved its right to raise the spoliation issue after further factual development.

Finally, Foster alleges in its eighth affirmative defense that "Plaintiff's claims are preempted by the federal Poultry Products Inspection Act, 21 U.S.C. § 451 *et seq.*, and related federal regulations, including . . . 21 U.S.C. § 467e." (Doc. 26 at 16.) The Cratens argue that Foster's eighth affirmative defense does not sufficiently identify the preemptive federal law. Nevertheless, the parties argue extensively over the merits of the preemption affirmative defense. The Court finds that Foster's eighth affirmative defense is sufficiently pled, and that the merits of the defense are not appropriate for resolution at such an early stage. Discovery will help refine the basis of the parties' claims and defenses, thereby allowing the Court to more knowledgably address the preemption issue if it remains active after factual development.

**CONCLUSION**

For the foregoing reasons, the Court concludes that *Twombly* and *Iqbal* do not govern affirmative defenses, and that Foster's seventh and eighth affirmative defenses are adequately pled. The Court, however, grants the Cratens' motion to strike Foster's first affirmative defense because it does not allege a proper affirmative defense.

**IT IS ORDERED** that the Cratens' motion to strike, (Doc. 30), is **GRANTED IN PART** as explained herein.

**IT IS FURTHER ORDERED** that Foster's Motion for Judicial Notice, (Doc. 33), is **DENIED** as moot because the Court did not rely on the submitted materials in reaching its decision.

Dated this 24th day of June, 2016.

Douglas L. Rayes
United States District Judge